Petition of PAINE in suit of DENTON vs. WHITE and others.

*Specific performance of contract to convey: Assignment of contract pending the suit — Conveyance to assignee decreed.*

1. After the court had settled the basis of a decree for the specific performance of a contract by defendants to convey, but before any finding was filed or judgment entered, plaintiff and P., to whom he had assigned the contract for value pending the suit, applied to have such conveyance decreed to be made directly to P. An order denying the application is reversed, it not appearing that defendant's rights would in any way be injured by granting it.
2. The application should, however, be granted on such terms as would protect defendants from any additional expense from the substitution.

APPEAL from the Circuit Court for *Racine* County.

*Ira C. Paine*, appellant, in person.

*Fuller & Dyer*, for respondent.

COLE, J. This is an action brought by the vendee for the specific performance of a contract for the sale of real estate. After the basis of the decree had been settled, directing that the contract should be executed on the part of the vendor, but before any finding had been filed by the court, or judgment entered, the appellant applied by petition to have the conveyance of the premises mentioned in the contract made directly

to him. It is stated in the petition that he became the purchaser during the pendency of the action, for a valuable consideration, and that the contract has been assigned to him in writing. The assignment appears upon the contract; and the vendee, the plaintiff, requests, in writing, indorsed upon the petition, that the court decree in accordance with the prayer of the petition. The question now is, Should the court, at this stage of the cause, allow the petitioner to be substituted for the plaintiff, and direct the conveyance to be made to him? We are not able to see any particular objection to this being done. Our statute provides that no action shall abate by the transfer of any interest therein, but the court may allow the person to whom the transfer is made to be substituted in the action, or the action may be continued in the name of the original party. Section 1, chap. 135, R. S. It is very obvious that the relief asked for in this case can best be obtained by substituting the assignee of the contract for the original party. The plaintiff has disposed of his interest in the contract. He requests on the petition that the title be conveyed to his assignee. What objection, under the above cited statute, can there be to granting the relief in the manner asked for in the petition? Of course the plaintiff, by making himself a party to the petition, has forever concluded himself from taking any objection to the proceeding. And the substitution cannot possibly prejudice any right of the defendant in the action. It is suggested, in opposition to the application, that the rights of third parties might be affected, and that a new trial might become necessary of the main case. No such result can possibly follow. No new parties need be brought before the court. All the defendant is required to do is to make the conveyance to the petitioner, instead of the original plaintiff. He will have relieved himself from all liability on his contract when he has done this.

Again, it is said that the defendants *Wording and wife* have already executed a conveyance to the plaintiff in the action,

and have brought the same into court; and that therefore they ought not to be required to execute a new deed to a third party. But this deed, if one has been executed as suggested, would not become operative until delivered. It has not yet been delivered to the plaintiff, and it can be returned to the grantors. The court should, however, only allow the change to be made upon such terms as will fully protect the defendants from any additional expense from the substitution. With such a condition imposed, we can see no valid objection to granting the relief asked for in the petition. In *Howard v. Taylor*, 5 Duer, 604, it is said that where, *pendente lite*, the plaintiffs sell and assign the subject-matter of the action to a third party, the court, almost as a matter of course, permits a substitution where it cannot prejudice any right or remedy of the defendant. *Ford v. David*, 1 Bosw. 571–601. And this case is eminently a proper one for permitting a substitution, since the interest in the contract has been transferred to the petitioner, and he is really the party entitled to the conveyance.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to grant the relief sought for in the petition.

Mr. Justice PAINE did not sit in this cause.