## DENTON vs. WHITE and others.

(1.) SPECIFIC PERFORMANCE : *Question of laches impairing right.*
(2.) PLEADING AND PROOF : *Party cannot contradict his pleading.*
(3.) PRACTICE—JUDGMENT : *When decree may require defendant to convey to plaintiff's assignee, without notice to defendant of application therefor.*

1. One is not chargeable with *laches* impairing his right to a specific performance of an agreement to convey land, because he refused a deed tendered him on condition of his paying more than was due.
2. Defendant cannot contradict by proof a fact alleged in the complaint and admitted in his answer.
3. Upon a finding for plaintiff in an action for specific performance of a contract to convey, if he and the assignee of his interest unite in petitioning that the decree direct the conveyance to be made to the asignee, such direction may be made without notice to defendants of a hearing of the petition.

APPEAL from the Circuit Court for *Racine* County.

Prior to the 12th of June, 1861, the defendant *White* foreclosed a mortgage upon a tract of land owned by the plaintiff *Denton ;* and purchased the land upon the foreclosure sale. On the day above mentioned, *White,* by the defendant *Wording* as his attorney, entered into a contract under seal, by which he agreed to convey said land to the plaintiff upon the latter paying

him, his heirs or assigns, the amount adjudged to be due him in the foreclosure suit; with a further agreement to convey to plaintiff one-half of the land upon payment of one-half of the sum. Subsequently, *White* conveyed the land to *Wording*, who took with knowledge of said contract. The complaint alleges that plaintiff "has paid upon said contract to said *Wording*, to be applied upon said judgment, the sum of $865, and offered to pay him the balance due thereon whenever he would make a deed in pursuance of said contract." It further alleges that the defendant *Morgan* claims to have bought the interest of *Wording* in said land, and threatens to turn plaintiff out of possession, etc.; that *Morgan* bought (if at all) with knowledge of, and subject to, plaintiff's rights; that plaintiff has been in possession during the whole of said proceedings, etc. Plaintiff also offers to pay, as the court shall direct, the full amount of the balance due on said contract with *White*. Prayer, that upon such payment being made, *Wording* may be decreed to execute to plaintiff a deed of the premises; that *Morgan* may be enjoined from suing out or causing to be executed a writ of possession or restitution under the judgment in favor of *White*; and for general relief.

The defendant *Wording* answered, admitting the execution of the contract between *White* and the plaintiff as alleged; admitting, also, that plaintiff had paid him $865 "for the said *White*, to be applied towards the payment of the amount due the said *White* by the said plaintiff;" alleging that he had applied $108.35 of that sum to paying the costs of said judgment, and of the sale of the premises thereunder; $96.47 to the redemption of the land from tax sales made during the existence of *White's* mortgage thereon; three dollars to sundry other items; and the balance, $657.18, to the payment of the judgment. The answer then denies that plaintiff ever offered to pay the balance due on said judgment; and alleges that in September, 1863, said

defendant executed a deed of the land running to the plaintiff, in pursuance of the terms of the contract, and that the same was tendered to plaintiff on condition that he would pay said balance, which he neglected to do. Prayer, that the action be dismissed, and that the contract (of *White*) aforesaid be cancelled, etc.

The defendant *Morgan* answered, claiming to be the equitable owner of the land under a contract of purchase made by *Wording* in 1862. [This part of the answer is stated more fully in the opinion.] His answer also alleged that a deed from *Wording* to plaintiff had been tendered on condition of plaintiff's paying the balance due on his contract; that plaintiff had never paid such balance, etc.; and it denies that said defendant knew of the existence of the contract between plaintiff and *White* when he purchased the premises of *Wording*.

During the pendency of the action, the plaintiff, for a valuable consideration, assigned all his interest in the *White* contract to *Ira C. Paine*; and joined with the latter in petitioning the court to so frame the decree in the action as to require the conveyance of the land by *Wording* and *Morgan* to be made to *Paine*. See 23 Wis. 91–93.

The court found, *inter alia*, that *Wording*, " by some means, sold and conveyed all his interest in said contract [between the plaintiff and *White*] to the defendant *Morgan*;" that plaintiff was in possession of the premises at the time of the execution of said contract, and had been in possession ever since; that there was due upon the contract $445.30, with interest at seven per cent. from February 1, 1867; that in September, 1863, *Wording* had executed and acknowledged a deed of the premises in due form running to the plaintiff, and tendered it to him on condition of his paying $473.87, the amount claimed to be due from him on the contract; and that said deed had been brought into court as a tender, and was in the hands of the clerk. Upon these facts the court held that plaintiff's

possession of the premises was constructive notice to *Morgan* and all others of his rights; and that *Wording* and *Morgan* should be adjudged to execute to *Ira C. Paine*, with proper covenants of warranty against their own acts, a deed of the premises, within a certain specified time, upon payment or tender to them of the amount found due on the contract as above stated.

Judgment accordingly; and the defendants *Wording* and *Morgan* appealed.

*Fuller & Dyer*, for appellant, contended that the plaintiff had forfeited all right to a specific performance of *White's* agreement by *laches* on his own part, in neglecting to pay within a *reasonable* time the amount agreed upon (*Benedict v. Lynch*, 1 Johns. Ch. 375; *Wiswall v. McGown*, 2 Barb. S. C. 270; *Rogers v. Saunders*, 16 Me. 92; *Dye v. Montague*, 10 Wis. 18); that he had also lost all rights previously acquired under the contract by refusing to accept the deed tendered him; that *Morgan*, as a purchaser in good faith, was entitled to protection (*Hall v. Delaplaine*, 5 Wis. 206); that the fact of plaintiff's continued possession, after the foreclosure sale to *White*, was not constructive notice of any rights adverse to *White's* title (*Williamson v. Brown*, 15 N. Y. 355; *Fassett v. Smith*, 23 id. 258); that the amount found due on the contract was incorrect, the testimony showing payments only to the amount of $540.25; and that the court erred in decreeing a specific performance in favor of the *assignee*, (1) because the facts stated in his petition were not proven, and (2) because a decree must be founded upon the pleadings and evidence, and not upon matter not put in issue nor established by proof (1 Van Santv. Eq. Pr. 583; *Carneal v. Banks*, 10 Wheat. 181; 1 Barb. Ch. Pr. 339).

*Paine & Millet*, for respondent.   [No brief on file.]

DIXON, C. J.   The defendant *Morgan* relies on the principle that the possession of the grantor, remaining

in after conveyance of the land by him, or after conveyance by the sheriff or other proper officer under judgment or decree against him, is not adverse to the grantee or those claiming under him, and so is no notice to a purchaser from the grantee or from any person holding under him, of the rights of the grantor, if he has any beyond those of a mere occupant by permission or tenant at sufferance of the grantee or party having the legal title; and that such possession by the grantor imposes no duty or obligation upon the purchaser to inquire of him and ascertain what his right of possession or claim of title may be. *Mr. Morgan* is in no position to avail himself of this principle. It does not appear that he is the legal or equitable owner of the land under *Mr. Wording.* The case is involved in most singular obscurity upon this point. In his answer he says he is the equitable owner of the premises under a contract with *Mr. Wording;* that in the month of October or November, 1862, he made *Wording* an offer in writing for the premises, which offer was duly accepted by *Wording,* and thereafter he paid *Wording* in full for said premises, according to the agreement made therefor. In his testimony given on the trial he says he knows the land described in the agreement executed by *Wording* as attorney of *Philo White* to the plaintiff. " It is the same which I purchased of Judge *Wording* in November, 1862." This is all there is in the pleadings and evidence in support of this mysterious purchase by *Mr. Morgan.* It does not appear what he paid, or whether he paid any consideration of value or not. In his answer he says he paid for it according to the agreement made therefor, but what that agreement was, or whether made upon any valuable consideration, is not averred or shown. For all that is alleged or proved, there may have been no consideration, and *Mr. Morgan* may be a mere volunteer, if in fact he has any interest or title whatever. The contract, to be

of any force or effect as a conveyance of an interest in the land, must have been in writing and subscribed by *Mr. Wording*; and yet this is neither alleged nor proved.   *Mr. Morgan's* testimony, the little that he gives, is also obscure.   It is difficult to say whether it was the land or the agreement executed by *Wording* as the attorney of *White*, he intended to testify he had purchased of *Wording*.   The court below understood that it was the agreement, and accordingly found that *Wording*, "*by some means*, sold and conveyed all his interest in said contract to the defendant *Morgan*."   It is not easy to perceive 'how the court could have found so much in *Mr. Morgan's* favor, especially. in view of *Mr. Wording's* testimony, who says : "At *Col. White's* urgent solicitation I took from him a quit-claim of the land, and paid him six hundred dollars, or rather *Mr. Morgan did for me* after I left."   The conclusion of our minds, about which we have no doubt or hesitation after a careful examination of the case, is, that *Mr. Morgan* is not a purchaser, either legal or equitable, of the premises, or of the contract of which the plaintiff seeks a specific performance, and that, as charged in the complaint, he has no real but only a pretended interest.

And this view is strongly corroborated by other facts and circumstances in the case, such, for example, as the tender of the deed from *Mr. Wording* to the plaintiff in September, 1863, long after *Mr. Morgan's* alleged purchase from *Mr. Wording*, and the demand from the plaintiff of the residue of the purchase money for *Mr. Wording*.   This was done by *Mr. Morgan* in the name of *Mr. Wording*, and acting as his agent. Why should *Mr. Morgan* have done this, if, as is now claimed by him, he was then the owner and entitled to control and transact the business for himself?   The circumstance is entirely inconsistent with the claim he now asserts and the position he seeks to occupy.

The case must be decided, therefore, as if *Mr. Morgan*

Denton vs. White and others.

were out of it, and as it stands between the plaintiff and *Mr. Wording*. And as between these parties it presents no points of difficulty:

It is said that the plaintiff has lost all right to enforce performance by his *laches* or neglect to tender the amount due and demand a deed. The evidence is quite clear and positive that the plaintiff did all in his power to procure an adjustment of the balance due, and to pay it and obtain a deed, before Judge *Wording's* departure for the south in September, 1862. He applied to Judge *Wording* more than once for that purpose, and the judge, in the hurry of his affairs, put him off; and the last time he went to his office pursuant to an agreement previously made, he found that the judge was gone. The judge admits having had one conversation with him on the subject, and having directed him to call at his office, but does not recollect that he did call. And in the conversations which were had, it appears that the parties did not agree upon the amount due. The plaintiff was surprised at the sum demanded, and it turns out that he had cause to be, for it was greatly in excess of the amount actually due. No *laches* can be imputed to the plaintiff at that time. He had then been guilty of no unreasonable delay in complying with the contract, and since that time he has had no opportunity to do so except by submitting to the exorbitant demand made of him.

And this disposes of the next objection, which is, that the tender of the deed of the premises by the defendant *Wording* in September, 1863, determined the plaintiff's rights under the contract. The tender was made upon condition that the plaintiff pay the amount previously claimed to be due from him on the contract, which was excessive. The plaintiff lost nothing by refusing to accept the deed under such circumstances.

And as to the amount found due by the court below,

which is claimed to be erroneous, its correctness appears from the pleadings. There is no controversy between the plaintiff and the defendant *Wording* upon this point. The plaintiff alleges in his complaint that he had paid upon the contract, and to be applied upon the judgment, the sum of $865. The defendant *Wording*, in his answer, admits the payment of the same sum. This admission of the answer is conclusive, and not open to contradiction or disproof by the party who made it.

The last alleged error is in decreeing a performance in favor of *Paine*, the assignee of the plaintiff. This question has already be settled by the decision of this court upon the appeal of the assignee in this suit. *Petition of Paine in suit of Denton v. White*, 23 Wis. 91. We are still quite satisfied with the grounds of that decision, and have no disposition to review them; nor do we think the objections now taken by the learned counsel tenable. As shown by that opinion, the facts stated in the petition require no proof, the plaintiff having himself joined in it. The judgment is founded upon the pleadings and evidence, and upon the petition, which is a part of the record, requiring no proof; and no notice of hearing upon the petition was necessary to be given to the adverse parties. These are the objections now taken.

*By the Court.*—Judgment affirmed.