Maltby vs. Austin.

See note to this case in 27 N. W. Rep. 176.— REP.

MALTBY, Appellant, vs. AUSTIN, Respondent.

*February 27 — March 16, 1886.*

*(1) Contracts: Specific performance: Exchange of lands: Removal of lien: Delay. (2) Fraudulent representation as to value.*

1. Where time is not of the essence of the contract, and the thing to be done by one party (in this case the removal of a tax lien from land to be exchanged) can as well be done at a later as an earlier day without detriment to the party for whom it is to be done, delay will not defeat the right of the former party to specific performance by the latter.

2. A mere expression of opinion as to the value of land to be exchanged for other land will not amount to a fraudulent representation.

APPEAL from the Circuit Court for *Fond du Lac* County.

Ejectment. The complaint was in the usual form. The plaintiff claimed title under a deed from Charles Hatch and wife, executed March 2, 1883, and recorded on the following day. The answer of the defendant, besides denials, alleges by way of counterclaim that in June, 1880, he purchased the lands in suit from said Hatch; that said Hatch then made, executed, and acknowledged a warranty deed thereof to the defendant, and that the same was deposited with Chas. E. Shepard until the defendant should remove a tax lien from certain lands in Sheboygan county, conveyed by the defendant to Hatch as a part of the consideration for the lands in suit; that the defendant has fully discharged the said tax lien, and that he notified Hatch and Shepard thereof and demanded the deed of the lands in suit, which Shepard refused to surrender; that at the time of his purchase in June, 1880, the defendant entered into actual possession of the lands, and has made permanent and valuable improvements thereon with the knowledge and consent of Hatch; that at the time of the conveyance by Hatch to the plaintiff, the defendant and his family were living upon the lands in suit and were in the exclusive and notorious possession thereof; and that the plaintiff had full notice of the rights and equities of the defendant in the premises. Judgment is demanded that the plaintiff convey to the defendant the said lands and all his right and title thereto. The plaintiff replied denying the material allegations of the counterclaim.

The facts established by the evidence and found by the trial court will sufficiently appear from the opinion. The court held, upon the facts, that the defendant was entitled to judgment dismissing the complaint and adjudging that the plaintiff convey to the defendant all his title in and to the premises, and for costs. From the judgment entered accordingly the plaintiff appealed.

*De W. C. Priest*, for the appellant.

For the respondent, there was a brief by *Sutherland & Sutherland*, and oral argument by *Mr. D. D. Sutherland.* They argued, among other things, that there is no evidence that a day certain, up to which time defendant might clear up title to the Sheboygan county land, was ever fixed. Such day must have been fixed absolutely, after which plaintiff was bound to wait a reasonable time, before defendant is in default. *Dye v. Montague*, 10 Wis. 18; *Barsolou v. Newton*, 63 Cal. 223; *Quinn v. Olson*, 26 N. W. Rep. 230; *Bernard v. Lee*, 99 Mass. 92; *Holt's Appeal*, 98 Pa. St. 257; *Miller v. Bear*, 3 Paige, 466; *Water v. Travis*, 9 Johns. 450.

Cole, C. J. There is not the least ground for holding that the plaintiff is an innocent purchaser of the premises in controversy, without notice of the rights and equities of the defendant to them by virtue of his purchase from Hatch, the common grantor; for it appears that immediately on that purchase the defendant took actual possession of the land, and proceeded to make valuable improvements upon it, and continued to use and occupy it as his home-stead. Besides, Hatch testified, in substance, that before he sold the premises to the plaintiff he told him of the particulars of his prior trade with the defendant. So the plaintiff must be deemed to occupy the position of his grantor, with no greater equities than the latter had in the premises. If, therefore, the equitable counterclaim would defeat a recovery by Hatch, it must have the same effect in this action. The question, then, is, Was the defendant entitled, on proving his counterclaim, to have the relief granted? It seems to us this question must be answered in the affirmative.

The trial court found — and the finding is amply sustained by the evidence — that the premises in dispute in June,

1880, when the defendant purchased them, were worth not to exceed $500. The defendant paid in exchange for them three spring wagons, each worth $125, and a gold watch and chain worth $100. This property was delivered at the time to Hatch, who retained it, and has never offered to return it to the defendant. In addition to this personal property, the defendant was to convey, and did in fact convey, by warranty deed, a forty-acre tract in Sheboygan county, as part payment of the consideration for the premises which Hatch conveyed to him. There was an outstanding tax claim against the Sheboygan land which the defendant was to extinguish. He did not clear off this tax claim until about June, 1883. Both Hatch's deed to the defendant and the defendant's deed of the Sheboygan land to Hatch, were left with Messrs. Shepard & Shepard until the tax claim should be cleared off, when they were to be delivered to the respective grantees.

Now, two objections are taken, on the part of the plaintiff, to enforcing the performance of the contract made in June, 1880: (1) The delay in clearing off the tax lien on the Sheboygan land; and (2) misrepresentation as to the value of this tract made by the defendant. In respect to the first objection, while the great delay in extinguishing the tax lien is not satisfactorily accounted for, still it does not appear that Hatch was prejudiced by it. No time was fixed in the contract within which this lien was to be extinguished. The rule of law doubtless is, as claimed by defendant's counsel, where time is not of the essence of the contract, and the thing to be done can be as well done at a later as an earlier day, without detriment to the party for whom the thing is to be done, there the delay will be disregarded, or, at all events, will not defeat a specific performance. Now, there is nothing to show that there was any change in the condition of the Sheboygan land after the trade and before the title was made good, or that it had

diminished in value, or that Hatch had been prevented from selling it at an advantageous bargain in consequence of the delay. He retained and enjoyed what was probably deemed by the parties as the principal part of the consideration for the premises which he had conveyed, and he surely must have known from the conduct of the defendant that he intended to complete the contract on his part. It is true, Hatch notified the defendant in September, 1882, that he could not accept the Sheboygan land because it was worthless, and proposed to settle for $200. But he made no proposition to rescind the contract, and, considering the amount of the improvements made by the defendant, it would have been inequitable to permit this to be done at that time. So, under all the circumstances, we do not think the defendant's delay in extinguishing the tax lien should prevent a specific performance for that reason.

As to the other objection, that the defendant committed a fraud upon Hatch by representing the Sheboygan land to be worth $400, when it is nearly worthless, it is sufficient to say that, even if such fraudulent representation was made, the plaintiff could not avail himself of it in this action. *Crocker v. Bellangee,* 6 Wis. 646. But we are entirely satisfied that no such representation was made. On the contrary, the decided weight of testimony shows that both parties did not regard the Sheboygan land of much value, as it was not in fact. T. W. Shepard, who drew the deed from Hatch to the defendant, says his recollection is that when the question arose as to fixing the consideration in that deed, that Hatch said his land was not worth much, and the defendant said his "potash kettle land" was not worth much either. Charles E. Shepard, who drew the deed from the defendant to Hatch, thinks something was said about the value of the Sheboygan land, but could not say what it was estimated at. We do not think the evidence shows that the defendant represented this land to be

worth $400, and that Hatch relied upon the representation; but, on the contrary, it appears the land was considered as an unimportant matter in making the contract. In any light, if the proof showed that the defendant represented it to be worth $400, it would be but an expression of opinion as to its value. But we are satisfied no such representation was made.

We think the judgment of the circuit court was correct, and that it must be affirmed.

*By the Court.*— Judgment affirmed.

See note to this case in 27 N. W. Rep. 162.— REP.

