Fisher, Respondent, vs. Vaughn, Appellant.
Fisher, Appellant, vs. Vaughn, Respondent.

*January 11 — January 28, 1890.*

*(1) Partnership: Interest in land: Settlement. (2) Laches: Pleading. (3) Deed: Acknowledgment: Authentication.*

1. A purchase of land by the plaintiff and his partner with partnership money was entered upon the books of the firm, was afterwards classed under worthless accounts, and upon the dissolution of the firm was included in an inventory of its assets. By a bill of sale or conveyance, under seal, appended to the inventory the plaintiff sold all the property described therein to his partner. The latter thereafter paid the taxes, bought a tax title, leased a part of the land, and treated it as his individual property. The plaintiff never concerned himself about it until after his partner's death, nearly twelve years after the dissolution, when he brought an action to compel the heir of the partner to convey an interest therein to him. Upon evidence showing the above facts, among others, it is *held* that the plaintiff had surrendered his interest in the land to his partner, and is estopped to make any claim thereto.

2. The plaintiff's laches in bringing the action not having been pleaded or passed upon as a defense in the trial court, is not regarded as such on appeal, but is considered in connection with the evidence to show that the plaintiff's interest had been included in the partnership settlement.

Vol. 75 — 39

3. The certificate, not under seal, of a county recorder, who is not shown to be the clerk or other certifying officer of a court of record, appended to the acknowledgment of a conveyance taken before a justice of the peace in another state, is not a proper authentication, such as will render the deed admissible in evidence, under secs. 2219, 4156, R. S.

APPEALS from the Circuit Court for *Ashland* County. The facts are stated in the opinions.

For the plaintiff there were briefs by *Tomkins & Merrill*, attorneys, and *Cate, Jones & Sanborn*, of counsel, and oral argument by *G. W. Cate.*

For the defendant there were briefs by *Silverthorn, Hurley, Ryan & Jones*, attorneys, and *Miles & Shea*, of counsel, and oral argument by *W. C. Silverthorn* and *G. D. Jones.*

ORTON, J. The plaintiff, in his own right and as assignee of Patrick Hickey, brings this suit for specific performance of the following memorandum in writing: "I hereby certify that I have purchased at the United States land office, at Bayfield, Wisconsin, the following described tract of land: The southeast quarter of section ten, township forty-five north, range one east, of which the following named persons are joint owners: S. S. Vaughn, one third interest; *Charles Fisher*, one third interest; Patrick Hickey, one third interest. Given under my hand this 28th day of October, 1874. [Signed] S. S. VAUGHN. Witnesses: R. LANGFORD, J. M. DAVIS."

The action is brought against the appellant as the sole heir at law of the said S. S. Vaughn, deceased, he having died January 27, 1886. The answer, among other things, sets up that administration of the estate of S. S. Vaughn, deceased, had been had, and the time for presenting claims against the estate had expired before the commencement of this suit; that she, the defendant, is the absolute owner

of said land, and does not hold the same in trust for the plaintiff or any other person; and that, if the said plaintiff or the said Hickey ever had any interest in said land, they duly parted with the same to the said S. S. Vaughn, long before his death, and the same was canceled and extinguished and merged in his legal title.

The plaintiff, besides the memorandum, introduced some oral evidence of the subsequent admissions of the said Vaughn, deceased, of the interest of the plaintiff and said Hickey in said land. The defendant introduced testimony tending to prove that, so far as the plaintiff's original interest is concerned, he sold and conveyed it to said S. S. Vaughn, and that said land at the time of its purchase, or soon after, became and was the partnership property of the firm of Fisher & Vaughn, and a part of the assets of said firm, and was adjusted and disposed of as such, and became the individual property of said Vaughn at the final settlement and dissolution of said partnership, by the proper conveyance of said interest by said plaintiff, with all other assets and property of the partnership. The facts in respect to said partnership will be more fully stated hereafter.

The finding and judgment in respect to the one-third original interest of the plaintiff are, in substance, that he is still the owner, and entitled to a conveyance thereof from the defendant, and that she convey the same accordingly. The judgment in respect to the Hickey interest is in favor of the defendant. The defendant appeals from the former, and the plaintiff from the latter, part of the judgment. The defendant's appeal will be disposed in this opinion, and the plaintiff's appeal will be disposed of in its proper order upon the calendar, as No. 187.

The first thing that strikes the mind of the court is the plaintiff's great and unaccountable delay or laches in seeking to enforce the agreement implied in this memorandum. He waited nearly twelve years, during the life-time of S. S.

Vaughn, and never asked for a conveyance, and his estate, so far as there were claims against it, had been fully administered before he brought this suit. The plaintiff and S. S. Vaughn resided in the same place, were partners in business, and had a vast number of transactions between them, which were closed and settled up, and final settlements made, and yet the plaintiff never sought to enforce this contract. He waited until, no doubt, the evidence of many matters which might throw light upon the disposition of this interest, as between themselves, was buried with his deceased friend and partner, and now seeks to enforce this agreement against his widow and heir, who knew nothing of the matter and was surprised that any such claim could be made. It appears that S. S. Vaughn was an honorable, capable, and prompt business man, and careful to close up pending transactions in due and proper time. The limitation of actions is based upon the presumption of payment, satisfaction, or discharge arising from the lapse of time and long delay in bringing suit; and there is another reason, and that is that the evidence is probably lost, or memory fails to retain it. From this lapse of time the presumption is very strong that this matter was long ago closed up, and plaintiff's interests surrendered in the lifetime of S. S. Vaughn. In *Denton v. White*, 26 Wis. 679, the delay was not half so long in bringing suit for specific performance, and yet the laches had to be excused by proof that the plaintiff had frequently tried to have the defendant make him a deed, and there was a dispute as to the amount of the purchase money unpaid. In *Maltby v. Austin*, 65 Wis. 527, the laches was disregarded because "the thing to be done could be as well done at a later as an earlier day." There are many reasons why this contract cannot be as well performed now as it could have been many years ago. "Unreasonable delay and mere lapse of time . . . constitute a defense in a court of equity." *Shel-*

*don v. Rockwell,* 9 Wis. 166. If the defense of laches had been made at the circuit, and the court had passed upon it, and the point had been made on this appeal, we should have been disposed to hold that specific performance should have been denied on that ground. But, as that question has not been raised at any stage of the case, we will not regard it as a defense. But, notwithstanding that, such great delay and lapse of time will make the evidence that the land, as between the plaintiff and S. S. Vaughn, was partnership property, and was adjusted as such, and the plaintiff's interest in it surrendered or conveyed to said Vaughn in settlement of their partnership affairs, appear very plausible and probable.

When the land was purchased, the plaintiff and S. S. Vaughn were partners in merchandising and many other things, and soon after this land was entered upon the books of the concern as the "Penokee Iron Lands," and was represented also by the entry of the consideration of their purchase, first at $200, and afterwards at $277.10, which includes the expenses of their exploration. The plaintiff testified that the money to buy the land was taken from the money drawer of the firm. When first purchased, the land was supposed to be valuable for its iron deposits, and the complaint states that fact. It seems that afterwards they were regarded worthless by both of the partners, and the items of $277.10 and "Penokee Iron Lands" were placed among the worthless accounts and assets of the firm. From October, 1874, to May, 1875, these entries appear upon the journal and ledger of the firm, and finally appear upon the inventory of the assets of the firm at the time of its dissolution and final settlement. To that inventory is appended a bill of sale or conveyance under seal, executed and delivered by the plaintiff, by which he bargained, sold, granted, and conveyed to S. S. Vaughn, his heirs and assigns, all right, title, and interest in the property described in the

annexed inventory. This instrument would convey an interest in lands, and these same "Penokee Iron Lands" appear upon the inventory by this last entry of $277.10. It was understood that Vaughn bought the plaintiff's interest in all the partnership property at the time of the dissolution of the partnership, in June, 1875. There were other receipts of the plaintiff to Vaughn, covering all their dealings and transactions.

The evidence is overwhelming that this land, so far as the plaintiff and Vaughn were concerned, was partnership property, and was fully so adjusted with the other assets of the firm. The money of the partnership was used in purchasing it. It was passed over to Vaughn on final settlement as partnership property. So long as it was partnership property, it was personal property; and when it was conveyed to Vaughn by the plaintiff on final settlement, as we have seen, it became and was real property of individual ownership, and so it has remained, so far as the evidence in this case shows. There was no evidence that it ever passed to the plaintiff, or any interest in it, in any way or at any time, after it became partnership property. The plaintiff must have been aware that Vaughn paid the taxes upon this land while he was living, and treated the land all the time as his own individual property. In 1883 there was a tax deed upon it, and Vaughn became the purchaser of it by quitclaim deed from the grantee of the tax deed. He made a lease to one Moore of the east half of the land, for the purpose of prospecting for iron ore, in 1884. The plaintiff has never concerned himself about the land until recently, or since it may have become valuable. It was incumbent upon the plaintiff to show when and how it ceased to be partnership property and became his. He did not show it. We must hold that the plaintiff surrendered to S. S. Vaughn, in his life-time, all the interest he ever had in said land, and is now estopped, in equity, from claiming any interest in it.

There are other questions presented in the brief of appellant's counsel, but it is unnecessary to consider them, after thus disposing of the case on its merits. The circuit court, as to the original one-third interest of *Fisher*, ought to have dismissed the plaintiff's complaint on its merits.

*By the Court.*— The judgment of the circuit court, in respect to said one-third interest, is reversed, and the cause remanded with direction to render judgment for the defendant, dismissing the complaint on its merits.

ORTON, J. The facts of this case on the appeal of the plaintiff, excepting the assignment of the interest of Patrick Hickey in the contract, will be found in the case of the appeal of the defendant.

As to the Hickey interest, the court found that there was no evidence that the instrument was ever delivered to Hickey by S. S. Vaughn in his life-time, or, if delivered, that the same was not surrendered by Hickey to Vaughn, or that his interest was not extinguished prior to the death of Vaughn, and as to that interest the court rendered judgment in favor of the defendant. We are satisfied that the court decided correctly, for the reason that there was no evidence of the delivery of the instrument to said Hickey by Vaughn in his life-time, and we may add another sufficient reason.

The plaintiff failed to prove the quitclaim deed of Hickey by which he claims an assignment of his interest. The deed and acknowledgment purport to have been made in the county of Washington, territory of Idaho. The acknowledgment was taken by a justice of the peace. The certificate of the authority of the justice to take the acknowledgment of the genuineness of his signature, and that the acknowledgment is in conformity to the laws of said territory, appended to said acknowledgment, appears to have been made by J. W. Haworth, county recorder of said

Washington county, Idaho. A county recorder is gener- ally understood to be a register of deeds. If he was a clerk or other certifying officer of a court of record of the county or district within which such acknowledgment was taken under the seal of his office, no law of said territory was proved or offered to show it. The certificate is not even under seal. Such a certificate is required in all conveyances. executed in any other state or territory, by secs. 2218, 2219, R. S., to be a proper authentication thereof and admissible in evidence. Sec. 4156, R. S. The plaintiff did not prove, nor offer to prove, Hickey's signature to his deed, nor its. execution in any proper way. The deed was therefore in- admissible as evidence of the assignment of said instrument or of the interest of Hickey in the land to the plaintiff.

*By the Court.*— The judgment of the circuit court as to the one-third Hickey interest, in favor of the defendant, is affirmed.