## M. G. ABERNATHY v. W. P. FLORENCE.

°               Decided July 4, 1908.

**1.—Contract—Specific Performance.**

The general rule is that specific performance of a contract will not be decreed in favor of a plaintiff who is himself at fault, but where the fault consists in delay on the part of the plaintiff in performing his part of the contract, and time is not of the essence of the contract, and the thing to be done by the plaintiff can be done as well at a later as an earlier day without detriment to the other party, the delay will not defeat a suit for specific performance, otherwise it will.

**2.—Same—Case Stated.**

An attorney who, for and in consideration of an interest in the land involved, agreed to defend a suit involving the title and possession of the same, and to pay all fees and costs attending the litigation, can not enforce specific performance of the contract after the litigation is ended by offering to reimburse the owner of the land for the fees and costs paid by him pending the litigation, when the exegencies of the situation at the time of making the contract were such as to make it clear that the purpose of the contract was to bind the attorney to defray the expenses of the litigation as they accrued, but which he had failed and refused to do.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson* and *H. H. Cooper,* for appellant.—The court erred in its conclusion of law on the facts found. San Antonio & A. P. Ry. Co. v. Gurley, 92 Texas, 233; Younger v. Welch, 22 Texas, 426; Templeton v. Green, 25 S. W., 1073; Kilgore v. Baptist College, 90 Texas, 142; 2 Posey U. C., page 594; Hill v. Still, 19 Texas, 83; Scarborough v. Arrant, 25 Texas, 135; Farris v. Bennett, 26 Texas, 572.

*L. C. Penry* and *H. C. Randolph,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted by M. G. Abernathy against W. P. Florence for specific performance of a written contract to convey six hundred and forty acres of land, and resulted in a judgment in favor of the defendant. The plaintiff has appealed.

The findings of fact filed by the trial court find sufficient support in the testimony, and are adopted by us. They are as follows:

"1. I find that prior to March 12, 1904, the defendant, W. P. Florence, was the owner of two certain school sections of land in Lubbock County, Texas, which had theretofore been awarded to him by the Land Commissioner, under his settlement as an actual settler; and that one Hiram Smith, having an opposing claim to said lands, succeeded in having the said Florence's awards thereto canceled, and the same awarded to him, Smith.

"2. I find further, that on March 12, 1904, the plaintiff, M. G. Abernathy, and defendant, W. P. Florence, entered into a contract by the terms of which the plaintiff was to assist the defendant in securing the title of defendant to said lands, which said contract is in words as follows:

'State of Texas, County of Lubbock.

'This agreement made and entered into on the 12th day of March, 1904, by and between W. P. Florence and M. G. Abernathy, witnesseth: That whereas, Hiram Smith has succeeded in having canceled by the Commissioner of the General Land Office the awards of the said W. P. Florence to surveys Nos. 113 and 114, school files Nos. 2929 and 2930, in block 20, Lubbock County, Texas, and has entered his file thereon, and is endeavoring to dispossess the said W. P. Florence from the title and possession of the above described land; and whereas, the said W. P. Florence is desirous of contesting the claims of the said Hiram Smith, and will, in that event, be compelled to employ counsel, and incur the expense

of the court and other expenses incident to the suit for the title and possession of the above described land.

" 'Therefore, in consideration of the said Abernathy's undertaking and binding himself to employ counsel and pay all expenses necessary for the prosecution and defense of all suits filed by the said Smith, and binding himself to appeal and follow appeals to the Supreme Court of the State of Texas, the said W. P. Florence agrees and binds himself to make, execute and deliver to the said M. G. Abernathy good and sufficient deed to the east one-half of survey 114, block 20, school file No. 2930, surveyed for W. P. Florence, in case the said Abernathy, by his counsel and efforts, shall win the suit without appeal from the District Court of Lubbock County, Texas, or shall compromise and remove the claims of the said Hiram Smith without a suit further than the District Court. But in case it becomes necessary to carry the suit to our Court of Civil Appeals or the Supreme Court, then and in that event the said W. P. Florence agrees and binds himself to make good and sufficient deed to the said M. G. Abernathy for the whole of survey 114, block 20, school file 2930, Lubbock County, Texas, in consideration of the said M. G. Abernathy paying for counsel, and all costs of the suit upon these appeals, whenever the title to the said above described land is free and clear of any cloud by virtue of the claim and rights of the said Hiram Smith.

" 'Witness our hands at Lubbock, Texas, this the 12th day of March, 1904.

'Witnesses:                               '(Signed) W. P. Florence,
   'Jno. H. Doyle.                          'M. G. Abernathy.'

"3. I find from said contract that the plaintiff obligated and bound himself to employ counsel and pay all expenses necessary for the prosecution and defense of all suits filed by the said Smith, and bound himself to appeal and follow appeals to the Supreme Court of the State of Texas, and pay counsel fees and all costs of suit and the appeals.

"4. I find also that the defendant bound himself (1st) that, in the event the said plaintiff, by his counsel and efforts, should win the said suit without appeal from the District Court of Lubbock County, Texas, or should compromise and remove the claims of the said Smith without a suit further than the District Court, to deed to the plaintiff, Abernathy, the east one-half of survey No. 114, block 20, said county; and (2d), should said cause be carried to the Court of Civil Appeals or the Supreme Court, then to deed to said Abernathy the whole of said survey 114, block 20.

"5. I find that thereafter, on April 5, 1904, the said Hiram Smith filed suit in the District Court of Lubbock County, Texas, against the said defendant, W. P. Florence, to try the title to said two sections of land, and that on November 2, 1905, said cause was tried in said court, and resulted in a judgment for the defendant, W. P. Florence, and that said cause was appealed from said court by the said Smith to the Court of Civil Appeals of the Second Supreme Judicial District, and by judgment of that court, rendered on June 30, 1906, said judgment of the lower court was affirmed in the defendant, Florence's, favor.

"6. I find from the evidence in the cause that the plaintiff, Abernathy, procured affidavits, and through his efforts, prior to the filing of

the suit by Smith, obtained a reinstatement in the Land Office of Florence's award to said land, and the cancellation of Smith's claim thereto.

"7. I find that the plaintiff, Abernathy, employed H. C. Randolph, an attorney-at-law, of Plainview, Texas, to represent the defendant, Florence, in said suit, and that he paid the said Randolph for his services the sum of $125.

"8. I find that the only other sums the plaintiff paid out during the progress of said trial was the sum of $15 expended by him for affidavits and copies of papers from the Land Office.

"9. I find from the evidence that the plaintiff did nothing further in the way of employment of counsel or expending any sums of money except as found in paragraph eight and seven of these findings.

"10. I further find that the defendant employed J. J. Dillard and Geo. R. Bean, attorneys-at-law, living in the town of Lubbock, the county site, where said cause was tried, to assist the said Randolph in the trial of said cause, and that the plaintiff authorized the employment of the said Dillard, and knew of the employment and participation in the trial of said cause of the said Bean; and I further find that on account of these attorneys being residents of the county, and being well acquainted with jurors and witnesses (said cause having been tried before a jury), that their services were necessary, and that the plaintiff did not at any time arrange to pay for their services, but the defendant paid them a total of $50 fees, which said sum was reasonable and necessary.

"11. I further find that the defendant, when said cause was appealed to the Court of Civil Appeals, employed Wm. J. Berne, a resident lawyer of Ft. Worth, to brief and present said cause to said court, and that the fee of the said Berne was $125, $50 of which was cash, and $21 for printing the brief, and that the defendant paid a part of this fee, and notified plaintiff by letter of Berne's employment and the necessity of a brief and the cost thereof, and asked plaintiff to come to his assistance and pay the bills. Plaintiff did not pay any of these bills, nor see defendant in regard thereto, but arranged with J. J. Dillard to pay them, and Dillard promised to do so, which Dillard failed to do, and defendant raised the money and paid the said Berne his fee and the further cost of printing the brief; and in this connection I further find that said brief and Berne's employment were necessary, the said Berne living at the place where the said Court of Civil Appeals sits, and it being less expensive for him to represent the interest of the defendant in said court than for one of the attorneys to go from either Plainview or Lubbock to Ft. Worth, on account of the great distance and attendant expenses, there; and I further find that plaintiff agreed to the employment of Berne to represent defendant's interest on appeal.

"12. I further find that the defendant, Florence, paid the said Smith the sum of $100 in settlement of the suit in the Court of Civil Appeals in order to avoid further litigation.

"13. I further find that defendant, in the course of the trial, paid out for employment of counsel, obtaining presence of witnesses from other counties on the trial of the cause in the District Court of Lubbock County, printing brief in higher court, and other expenses, all of which was necessary, about the sum of $326.

"14. I further find that the plaintiff did not arrange with H. C. Ran-

dolph to defray all the necessary expenses of said cause in any of the courts, and for the said Randolph to draw on him for the necessary sums of money as would be required therefor, and that he did not arrange with anyone, as is shown by the evidence, to defray these expenses, and he wholly failed to pay the same himself or arrange for the payment thereof as the same accrued and had to be paid.

"15.　I find that the plaintiff, subsequent to the affirmance of the case of Smith v. Florence in the Court of Civil Appeals, tendered defendant the sum of $171, which was refused by the defendant, and the same was by the plaintiff paid into the registry of this court."

The gist of appellant's whole contention on this appeal is that time was not of the essence of the contract between appellant and appellee, and that therefore appellant's failure to pay the expenses of the Florence-Smith litigation as they accrued ought not to defeat his right to the relief sought, but we are unable to assent to this proposition. It is generally true that where time is not of the essence of the contract and the thing to be done by the complainant can be as well done at a later as an earlier day without detriment to the party for whom the thing is to be done, the delay will be disregarded, or, at all events, will not defeat a specific performance.　(Maltby v. Austin, 27 N. W., 162.)　But this itself is an exception to the more general rule that a specific performance will not be decreed in favor of a plaintiff who is himself at fault.　In the present case the exigencies of the situation of the parties at the time of making the contract were such as to make it quite clear that the principal purpose was to bind appellant to defray the expenses of the Florence-Smith litigation as they accrued.　Appellee was without means, and, to meet his present necessities, entered into the contract with appellant by which the latter undertook for him to employ counsel and to defray the expenses of his school land litigation.　The undertaking of appellant, which was somewhat of the nature to render personal service, was necessarily to be performed at such reasonable time as to accomplish the purposes of his employment.　This would mean that counsel must have been employed and the expenses of the litigation borne by appellant, and not by appellee.　The thing to be done in this case could not be done at all after the termination of that litigation, and now to permit appellant to have a specific performance of the contract upon his reimbursing appellee for these expenses would be to make an entirely new contract for the parties.　(Haldeman v. Chambers, 19 Texas, 1; Younger v. Welch, 22 Texas, 418.)

These general conclusions dispose of all assignments of error, and result in the affirmance of the judgment.

*Affirmed.*

Writ of error refused.