The City of Seymour vs. The Town of Seymour.

### THE CITY OF SEYMOUR vs. THE TOWN OF SEYMOUR.

*November 24 — December 12, 1882.*

*Pleading — Estoppel — Evidence.*

1. By sec. 21, subch. 6, ch. 241, Laws of 1879, the town of S. was required to apportion the "general funds and other property of the town" between it and the city of S. In an action by the city for the conversion of certain shares of railway stock by the town, the complaint alleged that such funds and other property of the town were duly apportioned, *with the exception* of the stock in question. The answer admitted so much of the complaint, *down to but not including* the exception, as related to the apportionment, and contained a general denial of matters not admitted. Upon the trial, evidence offered by the plaintiff to show that the stock was not included in the apportionment was objected to by the defendant and excluded by the court. *Held*, that the defendant is estopped from disputing that the stock was included in the apportionment.
2. Evidence to show that, after the apportionment, such stock was deposited with the clerk, and was taken from his custody and sold by the town, was improperly excluded.

APPEAL from the Circuit Court for *Outagamie* County. The nature of the action will sufficiently appear from the

opinion.  The allegation of the complaint relative to the apportionment of the general funds and other property of the defendant was as follows: " And said board of supervisors did, pursuant to and in conformity with said section 21 of said subchapter 6, and prior to the 1st day of March, 1879, proceed to apportion the general funds and other property of the *Town of Seymour* to the said *Town of Seymour* and said *City of Seymour* respectively; and did so apportion said funds and other property of said town, and make an order directing the treasurer of said town to pay the amount of such general funds so apportioned to said city to the treasurer thereof, with the exception of seventy shares of the capital stock of the Green Bay & Minnesota Railroad Company of the denomination and amount of one hundred dollars each," etc.  The answer admits so much of the allegation above quoted " down to and including the words, ' to the treasurer thereof,' as relates to the apportionment and order for the payment of funds and other property by said *Town of Seymour;* " and after other admissions, stated in the opinion, denies " each and every allegation in said complaint contained."

At the close of the plaintiff's testimony a motion by the defendant for a nonsuit was granted, and from a judgment accordingly the plaintiff appealed.

For the appellant there was a brief by *E. C. McIntosh* and *Sloan & Bottensek,* and oral argument by *Mr. Sloan.*

For the respondent there was a brief by *Collins & Pierce,* and oral argument by *Mr. Pierce.*

ORTON, J.  Sec. 21, subch. 6, ch. 241, Laws of 1879, provides that the legal indebtedness of the *Town of Seymour* shall be apportioned between said town and the *City of Seymour,* incorporated by said act, in the proportion of the previous year's assessment, and that on or before the first day of April, 1879, the board of supervisors of said town shall in

like manner apportion " the general funds and other prop-erty of the *Town of Seymour* to the said *Town of Seymour* and *City of Seymour* respectively," etc.   The complaint sub-stantially alleges that the town proceeded under said act and apportioned the existing indebtedness of said town on the basis of such assessment — $2,585 to the town, and $1,415 to the *City of Seymour* — and apportioned on the same basis the general fund and property of said town, with the excep-tion of seventy shares of railroad stock of the Green Bay & Minnesota Railroad Company, of $100 each, which was to be left with said town for further apportionment.   And the complaint further alleges that afterwards, in December, 1880, the town sold the whole of said stock to certain parties for the sum of $350, or $5 per share, and converted the same to its own use, and at that time said stock was actually worth $10 per share; and that the plaintiff has made demand for its just proportion of said stock or its value, and the town has refused.   The answer of the defendant admits the com-plaint as to the apportionment actually made as alleged, but does not admit the allegation in respect to the railroad stock, and alleges an apportionment of certain other funds and a counterclaim against the city by reason of certain mistakes and omissions, and admits that the town held said railroad stock described in the complaint, and that the plaintiff filed its claim therefor, or its value, before the town board, as alleged, and that it was disallowed.   This suit is brought to recover the proportion of the value of said stock so converted by the defendant town to which the plaintiff is entitled on the above basis.

On the trial the plaintiff offered to prove that the railroad stock was not apportioned, but that by a resolution of the town board it was to be left with the clerk of the town, to be held for the joint use of the town and city, in the pro-portion above stated.   This was objected to on behalf of the defendant, on the ground that there was no such action of

the town *of record*, and the circuit court sustained the objection. The town clerk, as a witness, was then asked whether "he was given any stock of the Green Bay Railroad Company" after the proceedings of apportionment, and upon objection to this question the counsel of the appellant stated to the court that he proposed "to show this stock was deposited with him [the clerk] after this apportionment was made, and was taken from his custody and sold by the *Town of Seymour*." The court ruled that this evidence was inadmissible, and sustained such objection. According to the pleadings, strictly construed, the allegation in the complaint that the "town did so apportion said funds and other property" (referring to the funds and other property mentioned in the act), and which is admitted in the answer, would include the railroad stock which was property belonging to the town. It follows that the exception of the railroad stock from said apportionment having been denied in the answer, and the proof of it having been excluded on the objection of the defendant, it must be an accepted fact in the case that the railroad stock was included in the settlement or apportionment, and the defendant is estopped by its pleading and objection from disputing it.

The duty of making this apportionment is imposed by the act wholly upon the town. The city was not yet organized, and could not be when this duty was required to be performed. In the absence of proof to the contrary, and in accordance with the pleadings, that duty must presumably have been performed fully in compliance with the law, and the town is estopped from setting up in defense of this action that it was not so performed. Whether the railroad stock was included in the apportionment or not can make no difference to the town or the city. It should have been, and, according to the pleadings, it was. Every important fact necessary to the liability of the town in this action is admitted in the pleadings, except the conversion of this stock by

the town and its value, and the above question, with the accompanying offer, were for the purpose of proving these facts. The basis of the apportionment, as determined by the town from the previous year's assessment, was about one third to the city. By the act the city was entitled to this proportion of this railroad stock, and whether the town actually apportioned it or not, it retained possession of it, and sold it and converted it to its own use. It seems to us that the liability of the town in this action is beyond all question, and that the above question, with the offer to show the conversion and the value, as alleged in the complaint, was proper, and we can conceive of no good reason for ruling out this evidence. This question stood upon an entirely different footing from those questions by which it was sought to be proved that the town acted in relation thereto by resolution not found in its records. The liability of the town in this action to pay the city its just proportion of the value of this railroad stock so converted, appears to rest upon the plainest principles of elementary law, and no authorities need be cited or referred to, beyond a statement of the case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.