Fraedrich vs. Flieth.

See note to this case in 24 N. W. Rep. 914.— REP.

FRAEDRICH, Appellant, vs. FLIETH, Respondent.

*September 23 — October 13, 1885.*

ACTION: PLEADING: PRACTICE. *(1) Action, at law or in equity? Prayer for relief. (2) Question when raised. (3) Waiver of right to trial by court. (4, 5) New trial of equity case after trial by jury: When verdict may be taken as advisory. (5, 6) View by jury in equity case. (7) Amendment of pleading.*

1. Where the complaint prays for relief a part of which is purely equitable, and especially if it states a ground for relief of that nature, the action is an equitable one, triable by the court.
2. The question whether the action is at law or in equity may be raised by an objection to a jury trial, especially if the complaint is not demurrable.
3. If the defendant's objection to a jury trial on the ground that the action is equitable is overruled, he waives no right in that respect by going to trial before the jury.
4. If, after such objection to a jury trial is overruled, and after such trial is had, the trial court is of the opinion that it erred in over-ruling the objection, it need not order a new trial but may take the verdict as advisory, provided the trial was conducted as it would have been had the cause been regarded throughout as in equity.
5. But where the trial was not so conducted, as where the jury viewed the premises in question and the judge did not, a new trial should be ordered.

6. A view by a jury called in an equity case to determine a question of fact, should not be allowed unless the trial judge participates therein.
7. An amendment of a complaint changing the action from one in equity to one at law, is inadmissible unless made by consent.

APPEAL from the Circuit Court for *Washington* County.

This is an appeal by the plaintiff from an order setting aside a verdict in his favor, and granting a new trial, and also denying his motion for leave to amend the complaint.

The *gravamen* of the action is an alleged private nuisance created and maintained by the defendant to the injury of the plaintiff. The complaint alleges that the plaintiff is, and has been for many years, the owner and occupant of a certain eighty-acre lot of land; that the defendant is, and for several years has been, the occupant claiming to be the owner of an eighty-acre lot adjoining that of the plaintiff; and that the defendant so obstructed a natural watercourse on his land that the waters thereof ran upon the land of the plaintiff through a ditch dug by the defendant on his own land, and caused and is causing the damage and injury complained of, whereas the stream in its natural state discharged its waters elsewhere. The concluding averments of the complaint and the demand for relief are as follows:

"That the said obstruction of said natural watercourse upon defendant's said land, and the diversion of the water thereof by means of said obstruction and of said ditch to and upon said lands of this plaintiff, are a nuisance to this plaintiff, and if they shall be continued they will cause permanent and irreparable injury to the plaintiff's said lands, and will greatly depreciate their productiveness and value.

"Wherefore the plaintiff demands judgment for his damages as aforesaid in the sum of $250, and also that the defendant be enjoined and restrained from obstructing said watercourse in and upon his said land, and from diverting the waters of said watercourse from their natural course so as

to cause the same directly or indirectly to flow to or upon the said lands of the plaintiff, or any part thereof, and also that the defendant be adjudged and commanded to remove all obstructions placed by him, or suffered by him to be and remain, in said watercourse on his said land, and to fill up the said ditch, or any artificial channel made, or caused or permitted to be made, by him, whereby the waters accustomed to flow in said watercourse are diverted and caused to flow upon the plaintiff's said land, and that the defendant be adjudged to pay the costs of this action."

The answer denies that the defendant obstructed the watercourse, and alleges that the same became obstructed by natural causes without his agency. It also denies that the plaintiff has been injured to the extent claimed, and alleges that he has an adequate remedy at law. A counterclaim was interposed, but the court sustained a general demurrer thereto.

At the trial term of the circuit court the cause was on the calendar of jury causes. It being called for trial, counsel for the defendant moved that it be stricken from such calendar on the ground that it was not triable by jury. The motion was denied. Thereupon the same counsel objected to the impaneling of a jury for the same reason. The objection was overruled, and there was a jury trial in which the defendant participated.

The jury found specially that the defendant obstructed the watercourse and dug the ditch as charged, whereby the water was diverted from the natural channel and caused to flow on plaintiff's land. They also found a general verdict for the plaintiff, and assessed his damages at $36.

On motion of defendant the court set aside the verdict, and granted a new trial, on the ground that it erred in denying defendant's motion to strike the cause from the jury calendar, and in overruling his objection to the impaneling of a jury.

*Joshua Stark*, for the appellant.

For the respondent there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan*, and oral argument by *Mr. Scheiber*.

Lyon, J.   1. The first question is whether the action is at law or in equity.   We had the same question in *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218.   The complaint in that case contained a demand for relief which it was not competent for a court of law to grant, and for that reason alone it was held that the action was in equity.   Because the complaint did not state a cause of action in equity, a general demurrer thereto was sustained.   This action was commenced after ch. 190, Laws of 1882, was enacted, and is subject to that statute.

This is a stronger case for holding the action an equitable one than was the case above cited, for it not only contains a demand for exclusive equitable relief, but it also contains an averment that if the alleged nuisance is continued it will work an irreparable injury to the plaintiff, which the statute makes a ground for equitable relief.   In an action at law, if an abatement of the nuisance be adjudged, unless the defendant gives security that he will remove it, a warrant issues to the proper officer, requiring him to abate the same.   R. S. secs. 3182, 3183.   In this case the demand is that the defendant be required to abate the nuisance by removing the obstructions from the watercourse and filling the ditch.   No such relief can be granted in an action at law.

The question is quite fully considered in the opinion by Mr. Justice Cassoday in *Denner v. C., M. & St. P. R. Co.*, and nothing more need be said upon it.   We think this case is ruled by the judgment in that case.   It is immaterial that the question there arose upon a demurrer to the complaint, while here it arose upon an objection to a jury trial.   In his case a demurrer would have been fruitless, because the

complaint states a good cause of action in equity. The point seems to have been made at the first opportunity. In either case the character of the action must be determined by the complaint. We conclude that the action is in equity, and the rulings of the court to the effect that it is an action at law were erroneous. The circuit court so held on the motion to set aside the verdict and for a new trial.

2. It is maintained by counsel for the plaintiff that, although the action is in equity, a new trial should not have been granted for that reason alone, but that the court should have treated the verdict as though the questions answered therein had been specially submitted to the jury under the power of the court in its discretion to take the verdict of a jury on questions of fact involved in equity causes; and hence that the court should have determined the case by approving the verdict if satisfied with it, and if not so satisfied, by finding the facts from the evidence independently of the verdict, and should have given judgment accordingly. We perceive no valid objection to the practice here suggested in a case in which the court has before it all the evidence, and the trial has been conducted as it would have been had the cause been regarded throughout as in equity. In such a case, although the cause has been regarded as one at law, no good reason is apparent why parties should be subjected to the delay and expense of another trial.

In the present case a material question of fact raised by the pleadings: is, Did the defendant obstruct the watercourse on his land as alleged in the complaint? He avers that the obstruction complained of was the result of natural causes with which he had nothing to do. The jury viewed the premises. The testimony given on the trial is not preserved in the record. We cannot know to what extent the finding for the plaintiff on the above question is based upon what the jury saw. The obstruction to the watercourse may

or may not have been of such a character that from an inspection the jury could determine its origin. The circuit judge had no view of the alleged obstruction. Hence the evidence which the inspection furnished the jury was not before the judge, and could not be unless he also should make a view. Under these circumstances we cannot say that the circuit judge was in a position to review and affirm or set aside the verdict of the jury on the question whether the obstruction was natural or artificial. When a question of fact in an equity case is submitted to a jury, the verdict is merely advisory, and it is competent for the court to find the fact against the finding of the jury. To do this, however, or to review the verdict intelligently, it is necessary that the court have all the evidence which the jury had. In this case, as we have seen, the evidence furnished by the view (which may be important) was not before the court. Hence, when the court held that the action was of equitable cognizance, it found itself in no position intelligently to review the verdict as one merely advisory, and no course seemed open but to award a new trial. We do not think it was error to do so.

We conclude this branch of the case with the remark that a view by a jury called in an equity case to determine a question of fact should not be allowed unless the trial judge participates therein. The reason is obvious from what has already been said.

3. We do not think the defendant waived any right by going to trial before the jury, after the court, against his objection, had held that to be the proper forum. It is somewhat in the nature of an objection to jurisdiction of the subject matter, which cannot be waived.

4. When the motion for a new trial was made, counsel for plaintiff asked leave to amend his complaint by striking from the demand for judgment every demand contained in it except for damages and costs. Leave was refused.

The only effect of the amendment, had it been allowed, would have been to change the action from one in equity to one at law. Such an amendment is inadmissible, unless made by consent, and the court properly refused to allow it. *Carmichael v. Argard,* 52 Wis. 607, and cases cited in the opinion; *Kavanagh v. O'Neill,* 53 Wis. 101.

*By the Court.*— The order of the circuit court is affirmed.