CUTLER, Respondent, vs. BABCOCK, Appellant.

*March 21 — April 9, 1891.*

*Ejectment: Estoppel: Specific performance.*

1. Where, in ejectment, the defendant alleges in his answer and testifies that he was put in possession of the premises in controversy by plaintiff, under a verbal agreement of purchase, with the terms of which he has complied, and asks specific performance, and the plaintiff denies the existence of any such agreement, and alleges and testifies that defendant is in possession only as his tenant, evidence on the part of the defendant that he has been in possession for nineteen years, has paid taxes and made improvements, but has paid no rent, though it might be sufficient to show part performance, yet does not establish an oral contract which can be specifically performed, and, in the absence thereof, a judgment for the plaintiff will be affirmed.

2. A defendant in ejectment, who claims by his answer to be rightfully in possession of the premises under a contract for the purchase thereof from the plaintiff, is estopped from contesting the title of such plaintiff, and proof thereof is unnecessary.

APPEAL from the Superior Court of *Milwaukee* County. The case sufficiently appears in the opinion.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan.* They contended that the oral contract alleged in the answer was proved by a preponderance of evidence, and that sufficient part performance had been shown to take it out of the statute of frauds and entitle defendant to a specific performance thereof. *School Dist. v. Macloon,* 4 Wis. 79; *Fisher v. Moolick,* 13 id. 321; *Daniels v. Lewis,* 16 id. 140; *Paine v. Wilcox,* 16 id. 202; *Martineau v. May,* 18 id. 54; *Jones v. Pease,* 21 id. 644; *Lamar v. Scales,* 71 id. 159. The defendant having put the plaintiff's title in issue by his general denial, proof thereof was essential. *Gillett v. Treganza,* 13 Wis. 472; *Eaton v. Smith,* 19 id. 537.

*J. V. V. Platto,* for the respondent.

ORTON, J.   The action is ejectment, and the complaint is in the usual form.   The defendant answered in substance that, in 1858, the parties made an oral agreement to exchange lands,— the plaintiff to let the defendant have certain lands in Waukesha county (of which the premises in dispute is a part), and the defendant to let the plaintiff have certain lands in Rock and Jefferson counties; and that the plaintiff put the defendant in possession of the premises at that time, in part performance of the agreement, and he has been in such possession ever since, and has made improvements and paid taxes thereon, and he prays for a conveyance thereof.

On the trial the defendant, as a witness, testified to such an oral agreement, and the plaintiff, as a witness, testified that no such agreement was ever made, and that the defendant had been in possession of said premises as his tenant only.   The court found that the defendant moved on the premises in 1858, and has since lived thereon, and has made some improvements, and paid a portion of the taxes thereon since that date; and further found that the defendant's proofs are insufficient to establish the making of the verbal contract alleged; that there was no adequate consideration paid or given, or agreed to be paid or given, by the defendant, for a conveyance of the premises, described in the complaint, by the plaintiff to him.   The court further found in favor of the plaintiff, and that at the time of the commencement of the action the plaintiff was the owner of the premises, and that he was then and is now entitled to the possession thereof, and rendered judgment accordingly, and the defendant has appealed therefrom.

The learned counsel of the appellant contends (1) that a preponderance of the testimony establishes the oral agreement as testified to by the defendant.   The learned counsel urges with considerable force that the following circumstances corroborate the clear and intelligent testimony of

the defendant that the oral contract alleged was actually made: The plaintiff put the defendant in possession of the premises, and permitted him to remain in the uninterrupted possession thereof for about nineteen years before any action was taken by the plaintiff. The defendant made improvements and paid the taxes on the premises, and that they were assessed to him. The plaintiff sets up no special agreement by which the defendant has so remained in the possession of the premises, and says only that he was his tenant, but he paid no rent in all these years. These circumstances are certainly very consistent with such contract, but they do not establish it. Whether there was such a contract depends after all upon the testimony of the parties, and the learned and able judge who heard the testimony in court was more competent to decide its credibility and weight than this court can be. The dealings and transactions of the parties in lands for many years, and their conveyances and contracts, are confused and complicated in the extreme, and throw no light upon this alleged transaction for the exchange of lands. Their affairs with each other must have been conducted in a very loose and careless manner, very difficult to explain. It is such a case on the facts as may well be left to the trial judge.

(2) The point made by the learned counsel, that there was sufficient part performance of the oral agreement to take it out of the statute of frauds, would seem to be well taken, but it is impertinent and immaterial until the fact is established that there was such an agreement.

(3) The only other question raised by the learned counsel is whether under the pleadings it was necessary for the plaintiff to prove title to the premises in order to recover. It is conceded that the plaintiff introduced no evidence of his title, and yet the court found that he was the owner, and entitled to the possession. The rules, supported by so many authorities in the brief of the appellant, are indispu-

table, that ejectment can be maintained only by one who has the legal title, and that the plaintiff must recover, if at all, on the strength of his title, and not on the weakness of the defendant's title. There was a general denial of the allegations of the complaint, as well as this special answer by way of counterclaim, and the learned counsel, therefore, contends that the plaintiff's title was in issue, unaffected by the counterclaim. The learned counsel of the respondent contends that the defendant admitted in his answer that he was placed in possession of the premises by the plaintiff, and unless he established his ownership by purchase he is the tenant of the plaintiff, and a tenant cannot dispute the title of his landlord, and cites many authorities to the proposition.

The defendant is estopped by his answer from denying the title of the plaintiff. He alleges, in effect, that he purchased the premises of the plaintiff, and went into possession under his title, and still holds it, and prays for a conveyance from the plaintiff. *Wanzer v. Howland,* 10 Wis. 8; *Denton v. White,* 26 Wis. 679; *Kaehler v. Dobberpuhl,* 60 Wis. 256; *Zielke v. Morgan,* 50 Wis. 560. In *Lawton v. Howe,* 14 Wis. 241, the principle is laid down, and authorities cited to support it, "that the purchaser who comes into possession of real estate by recognizing the title of another, will not be permitted, while so possessed, to dispute that title." In this case the defendant not only alleges that he purchased the premises of the plaintiff, and went into possession under such purchase, and still holds it, and prays for a conveyance, but the fact was proved by his own testimony, and that he is still in possession is conceded on both sides. By the authorities, a purchaser admits the title of the vendor, the same as the lessee admits the title of the lessor. The principle is the same. But the following case is precisely in point, and settles the question. In *Miller v. Larson,* 17 Wis. 624, the action was in ejectment.

The defendant answered denying the plaintiff's title, and alleging that he entered into possession of the land under a contract with the plaintiff for its purchase on certain terms, and that he had complied with the contract. The plaintiff on the trial failed to prove his title, and for that reason the court granted a nonsuit. On appeal to this court, Chief Justice Dixon said: "The relation of vendor and purchaser under an executory contract of sale is so far in the nature of a tenancy that the purchaser is estopped from denying the title of the vendor so long as he retains possession under the contract. . . . It is true that the answer contains the general denial of the plaintiff's title, but that denial is overcome by the special answer, which admits the right of the plaintiff by showing the circumstances under which the defendant entered." The judgment of nonsuit was reversed, and a new trial awarded. There is a large number of authorities cited in the opinion to sustain this ruling; but this case, being precisely in point, is sufficient, without citing other cases.

*By the Court.*— The judgment of the superior court is affirmed.