Catura vs. Kleiner.

*By the Court.*— Judgment affirmed.

CATURA, Respondent, vs. KLEINER, imp., Appellant.

*February 6 — February 23, 1897.*

*Appeal, findings sustained.*

Upon appeal, the findings of the trial court are not to be disturbed, unless they are clearly against the weight of the evidence.

APPEAL from a judgment of the circuit court for Pepin county: E. B. BUNDY, Circuit Judge. *Affirmed.*

This is an action to foreclose a mortgage executed by the defendant Hewitt to the plaintiff, to secure the purchase money of the land. *Rudolph Kleiner* was made a defendant, as one claiming some interest in the premises, which was subsequent and subordinate to the plaintiff's mortgage. *Kleiner* defended, and asserted that his mortgage was the prior and paramount lien; that he took his mortgage in good faith, and without notice of plaintiff's mortgage. The mortgaged premises were conveyed by the plaintiff to Hewitt, and the mortgage to secure the purchase money taken, August 21, 1893. Only a small part of the purchase money was paid down. On the next day, after its execution and before it had been filed for record, Hewitt borrowed money from

*Kleiner*, and gave him a mortgage upon the same land. This mortgage was recorded before the plaintiff's mortgage. It was claimed by *Kleiner* that, at the time he took his mortgage and recorded it, he was ignorant of the existence of plaintiff's mortgage, and was a mortgagee in good faith and without notice of the prior mortgage. On the other hand, the plaintiff claimed that he had, if not actual notice, information sufficient to put him upon inquiry, and so was not a mortgagee *in good faith*. This was the issue which was tried.

On this issue, Hewitt testified, in effect, that shortly before, at Eau Claire, he had told *Kleiner* that he was about to buy this land from the plaintiff; that he was going to pay $200 down, and give a mortgage back to secure the balance of the purchase money; and that he should want to borrow money of him. *Kleiner* replied, in effect, that he did not care, if his mortgage was on record first. That at that time he had arranged with *Kleiner* to come to Durand, to make the loan and take the mortgage. A witness, Mike Dryer, testified that he told *Kleiner* that he was " going to give Hewitt $200 to sign off his equity in the piece of land on which he (*Kleiner*) had a mortgage. I told *Kleiner* that I was going to pay the $200 to *Mr. Catura*, as part of the purchase price of the eighty-acre tract of land. I couldn't say for sure whether I stated to him that Mr. Hewitt was to give *Mr. Catura* a mortgage back for the balance of the purchase price, but I think I did. I told *Kleiner*, that morning, to go and see the records, and, if the records were clear, probably it would be all right to take a mortgage from Hewitt. I think I told him to go and see if *Mr. Catura* had filed his mortgage for record. I can't say for sure, but I think I did." This testimony relates to the time of the taking of this mortgage by *Kleiner*, at Durand, the county seat. These conversations *Kleiner* denied.

On all the evidence, the trial court found the issue in favor of the plaintiff. He found that there was a corrupt scheme

Catura vs. Kleiner.

between Hewitt and Dryer for defrauding the plaintiff, *Catura;* and that, while *Kleiner* had no part in that scheme, he yet had such knowledge of the parties and the circumstances as should have been notice to him of the existence of plaintiff's mortgage, sufficient to have put him on inquiry. From a judgment in the plaintiff's favor, the defendant *Kleiner* appeals.

For the appellant there was a brief by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle.*

For the respondent the case was submitted on the brief of *William E. Plummer.*

NEWMAN, J. No reason is perceived why this appeal is not governed by the established rule that the findings of the trial court are not to be disturbed unless they are clearly against the preponderance of the testimony. The trial judge has many incidental aids to the understanding and appreciation of the testimony, which this court lacks. He sees the witnesses, observes their manner in giving their testimony, can judge of their intelligence, and receives some reliable impressions from their appearance and conduct of their singleness and veracity, or want of it, which assists him in his judgment of the credit due to their statements. This court receives no such aid in its study of the testimony from the printed page. So, great reliance is, of necessity, placed upon the judgment of the trial court on contested questions of fact. There is abundant testimony, if believed, to support the findings of the trial court. No reason is apparent to this court why the trial court might not, without violation of any legal principle, believe the testimony which supports the findings.

*By the Court.*— The judgment of the circuit court is affirmed.