THE SENOUR MANUFACTURING COMPANY, Respondent, vs. CLARKE, Assignee, Appellant.

*May 22 — June 11, 1897.*

*Attachment: Corporations: Intent to defraud creditors: Apparent power of officers.*

1. In attachment proceedings against a corporation, the evidence — showing, among other things, that substantially all the stock was owned by the president, who practically exercised the whole power of the corporation; that he kept no systematic books of account and possessed no accurate knowledge of its financial condition; that he conducted his private business and that of the corporation together; that he applied funds of the corporation to his private use when he knew or ought to have known it to be insolvent; that he incurred a large amount of indebtedness in the name of the corporation, and treated its assets as individual property — is *held* to sustain a finding that the corporation had assigned, conveyed, or disposed of its property, or was about to do so, with intent to defraud creditors.

2. Where the president of a corporation is apparently clothed with full power to conduct its business and control its affairs, the public may rely upon such apparent authority, and the corporation will be bound to the same extent as though his acts were specially authorized by a duly-recorded vote of the board of directors, especially where such officer is the owner of substantially all the stock and the only person pecuniarily interested in the corporation.

The Senour Mfg. Co. vs. Clarke.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Plaintiff sued out a writ of attachment against the property of the defendant, The Sheasby & Smith Wall Paper & Paint Co., upon the alleged grounds — First, that defendant had or was about to assign, convey, dispose of, or conceal its property with intent to defraud its creditors; and, second, that it fraudulently contracted the debt and incurred the obligation in respect to which the action was brought. Defendant's property was seized pursuant to the commands of the writ, and thereafter it made an assignment for the benefit of creditors. Subsequent to such assignment the assignee, pursuant to sec. 1693a, S. & B. Ann. Stats., appeared, in the name of the assignor, and traversed the affidavit upon which the writ of attachment was issued. On the trial of the issues thus formed the circuit court sustained the attachment on the first ground alleged in the affidavit, to wit, that defendant had assigned, conveyed, and disposed of, and was about to assign, convey, and dispose of, its property with intent to defraud its creditors. Judgment was thereafter rendered in plaintiff's favor, and the assignee appealed from that portion thereof sustaining the attachment.

For the appellant there was a brief by *Erdall & Swansen*, and oral argument by *John L. Erdall* and *Sam. T. Swansen.*

For the respondent there was a brief by *Lewis, Briggs & Dudgeon*, and oral argument by *H. M. Lewis* and *M. S. Dudgeon.*

MARSHALL, J. No question of law is presented on this appeal worthy of any extended discussion. The finding of fact that the allegation of the affidavit for the writ of attachment that the defendant had assigned, conveyed, and disposed of, and was about to assign, convey, and dispose of, its property with intent to defraud its creditors, is challenged

The Senour Mfg. Co. vs. Clarke.

as not supported by the evidence, which raises the main question for consideration. Such question must be considered and determined in the light of the familiar rule that findings of fact made by the trial court cannot be disturbed unless contrary to the clear preponderance of the evidence. *Earlywine v. Lindley*, 66 Wis. 494; *Bruce v. Miller*, 72 Wis. 404; *Catura v. Kleiner*, 95 Wis. 378. It is believed that failure on the part of attorneys to bear in mind and appreciate the force of this rule, which has become firmly fixed in our jurisprudence, results in many useless appeals, and much unnecessary expense to litigants. The trial judge has an opportunity of seeing and hearing the witnesses, observing their manner while testifying, and the benefit of many aids of a persuasive character calculated to materially assist in drawing correct inferences in regard to the facts, that cannot be preserved for the benefit of the appellate court; hence the justice of the rule that such inferences will not be displaced by others drawn by such appellate court unless the former are against the clear preponderance of the evidence is apparent, and why it should be firmly adhered to is also manifest.

The evidence here is to the effect that for a considerable length of time before the suing out of the writ of attachment, and during the time the indebtedness to plaintiff accrued, the Sheasby & Smith Wall Paper & Paint Company was a corporation; that substantially all the stock was owned by F. C. Sheasby, who was its president; that he conducted its business, managed its affairs, and practically exercised the whole power of the corporation; that no systematic books of account were kept; that Sheasby did not possess any accurate knowledge of its financial situation; that he ran his private business and the corporation business together, so that the assets of one could not be readily known from the other; that he took funds of the corporation and applied the same to his private use, while he knew or ought to have known that the corporation was insolvent;

and that while he incurred indebtedness to a large amount. in the name of, and on account of, the corporation, he treated its assets as individual property, regardless of the rights of creditors to have the same applied in payment of their claims. The effect of such conduct on the part of the president of the corporation being naturally to defraud its creditors, we are unable to say that the trial judge did not draw the correct inference therefrom, in finding that such was the president's intent, and that he had both disposed of, and was about to dispose of, property of the corporation to effect it.

It is said by appellant's counsel that the acts of Sheasby cannot be charged to the corporation, as corporate acts. Such contention cannot be sustained. This court has repeatedly held that, where the president of a corporation is apparently clothed with full power to conduct its business and control its affairs, the public may rely upon his apparent authority so to do, and the corporation will be bound to the same extent as though such officer were specially authorized by a duly-recorded vote of the board of directors. In a case like this, where the officer whose conduct is called in question is shown to be the owner of substantially all the stock, and the only one pecuniarily interested in the corporation, the rule stated is peculiarly applicable, and should be firmly adhered to. *Ford v. Hill*, 92 Wis. 188; *McElroy v. Minn. Percheron Horse Co., ante,* p. 317.

*By the Court.*— That part of the judgment appealed from is affirmed.