HINTZ, Appellant, vs. WALD and another, Respondents.

*January 26—February 16, 1909.*

*Life insurance: Change of beneficiary: Fraud: Undue influence: Evidence: Trial by jury or by court: Cancellation of instruments.*

1. Findings that at the time of making a change in the beneficiary of his life insurance the insured was mentally competent, and that the change was not induced by fraud, coercion, or undue influence, are *held* not to be contrary to a clear preponderance of the evidence.
2. Where the relief asked was the cancellation, on the ground of fraud, of an instrument changing the beneficiary of life insurance, the issue was properly triable by the court.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The appeal is from a judgment in favor of the respondents and against the appellant, who were interpleaded defendants at the suit of the New York Life Insurance Company.

For the appellant there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.* As to the mental competency of the deceased, they cited *Holden v. Meadows,* 31 Wis. 284; *In re Lewis's Will,* 51 Wis. 101, 7 N. W. 829.

*William L. Tibbs,* for the respondents: The action is equitable and triable by the court.    *Fraedrich v. Flieth,* 64 Wis. 184, 25 N. W. 28; *Gunn v. Madigan,* 28 Wis. 158; *Fairbanks v. Holliday,* 59 Wis. 77, 17 N. W. 675; *Clark v. Mosher,* 107 N. Y. 118.    The findings will not be disturbed unless contrary to a clear preponderance of the evidence. *Senour Mfg. Co. v. Clarke,* 96 Wis. 469, 471, 71 N. W. 883; *Momsen v. Plankinton,* 96 Wis. 166, 71 N. W. 98; *Menz v. Beebe,* 102 Wis. 342, 77 N. W. 913, 78 N. W. 601; *Bruce v. Miller,* 72 Wis. 404, 39 N. W. 554.

Timlin, J.    The New York Life Insurance Company began this action of interpleader against the above-named defendants, who made conflicting claims to the proceeds of a policy of life insurance for $1,000 in the said company upon the life of Jacob L. Wald, in which policy the appellant, *Antoinette Hintz,* who was under an engagement of marriage with the insured, was named as beneficiary.    On May 10, 1905, upon his deathbed and about an hour before his death, in the absence of and without the knowledge of *Miss Hintz,* Jacob L. Wald executed a writing making his brother, the respondent *Harry H. Wald,* and his sister, the respondent *Adele Henningfeld,* beneficiaries of the policy in question in place of *Miss Hintz.*    The pleading of the latter averred that this writing was made while the insured was mentally incapacitated by sickness, and was induced by fraud, undue influence, and coercion practiced upon the insured by the respondents, and asked to have this writing canceled.    The circuit court found that the insured was at the time in question mentally competent and that there was no fraud, coercion, persuasion, or undue influence used to induce the change of beneficiaries.    These findings are assailed as not supported by the evidence.

It appears to us that notwithstanding the evidence is quite unsatisfactory, still there is evidence to support the findings.

The attending physician and several of the friends of the dying man testified to his mental competency, and, although the facts and circumstances to the contrary are quite cogent, we do not feel authorized to overthrow the finding of the court below upon this point. Considerable persuasion was no doubt indulged in by the attending physician, and the finding of the court so far as it says that no persuasion was used is not correct. But whether this persuasion amounted to fraud, coercion, or undue influence is quite another question. The insured had been sick at or near Denver, Colorado, and the respondent *Harry* brought him back home to Milwaukee at some expense. The attending physician, at the instance of *Harry,* requested the insured to secure repayment of these expenses to *Harry* by a change of the insurance policy, and suggested to the insured that his time of life was short. A lawyer was sent for, who drew up and had signed by the insured a substitution of the respondents as beneficiaries.

Had the evidence disclosed nothing further it is probable the change of beneficiaries could not be upheld. But the respondent *Harry,* after having been made competent to testify on that subject by an examination of him by the appellant's attorneys as an adverse witness, which examination covered the transactions in question, testified, upon cross-examination or re-examination by his own counsel, that immediately following the interview between the insured and the attending physician above referred to he was called in to the bedside of the insured by the attending physician, and that thereupon the insured said to him that he wished to leave *Harry* $500 and $500 to *Adele Henningfeld.* A lawyer was sent for, who drew up a writing to this effect before seeing the insured and in an outer room at the suggestion of *Harry.* The lawyer took this writing to the bedside of the insured and read it over to him. The insured appeared conscious of what he was doing, and suggested a correction in the name of the respondent *Adele,* and, propped up in bed, signed the instru-

ment so presented by making his mark, he being too weak to write.

This, in our opinion, presents a case on the evidence which might be decided in favor of or against the validity of the change of beneficiaries. The evidence presented a question of fact upon that subject. We find no such clear preponderance of evidence as is necessary in order to overthrow the findings of the court below. *Senour Mfg. Co. v. Clarke,* 96 Wis. 469, 471, 71 N. W. 883.

The appellant demanded a jury trial, which was refused, and she assigns error upon the refusal of the court below to grant the request. But she does not argue this at length or cite authorities. Considering the relief of cancellation demanded in the appellant's pleading, it seems that the issue was properly triable by the court. *Clark v. Mosher,* 107 N. Y. 118, 14 N. E. 96; *Fraedrich v. Flieth,* 64 Wis. 184, 25 N. W. 28.

*By the Court.*—Judgment of the circuit court is affirmed.