TOLLEFSON, Respondent, vs. TOLLEFSON, Appellant.

*February 11—March 9, 1920.*

*Landlord and tenant: Duty of occupant of farm to destroy noxious weeds: Recovery of value of work from owner: Permanent improvements: Repairs: Sowing clover: Facts admitted in pleading: Effect: Tender: Appeal: Findings of referee.*

1. The findings of a referee supported by the testimony must stand on appeal.
2. An occupant of a farm who, pursuant to sec. 1480, Stats., spent some time in removing mustard weed cannot recover for such work in the absence of any agreement between him and the owner of the farm, the statutory duty to destroy the weed being as absolute upon an occupant of lands as upon the owner.
3. The construction of a small chicken house outside the barn and certain changes in grain bins in the barn made by the occupant of a farm, being repairs or changes for his convenience, are not within an agreement whereby the owner was to pay for "permanent improvements" made by the tenant; neither is the sowing of clover, if primarily for fertilizing purposes, in the nature of a permanent improvement.
4. Formal admissions made in the pleadings as to the amount of rent agreed to be paid should bind the pleader and dispose of the matter in the absence of some showing that would justify disregarding them.
5. Defendant's tender to plaintiff of an amount in excess of that found due him, which was not in form a compliance with the statute or rules of court, does not become material in the disposition of the case.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Modified and affirmed.*

The parties are brothers. In 1914 they discussed plaintiff's moving upon the farm owned by defendant in said county, with the possible end in view of his subsequently purchasing the same. As a result thereof he did take possession in May, 1915, and remained there until the 5th of the following January, when the defendant sold the farm to one Oscar Nimmer. Shortly before plaintiff left the premises a further conversation was had about the possible purchase by plaintiff of the farm and a price fixed for the real estate and the personal property thereon, which price, however, was not satisfactory to the plaintiff and he refused to purchase. There is some dispute between the parties as to just the terms and conditions upon which plaintiff entered upon the premises and upon which he was to have the right to purchase, but whatever it was it was not reduced to writing, and it is conceded by both parties that it was void under the statute of frauds. The plaintiff brought this action for an accounting from the defendant for permanent improvements made by plaintiff while in possession of the farm, and services performed by him for defendant, and for certain personal property belonging to plaintiff left on the farm and turned over to the purchaser by the defendant as part of the sale. Plaintiff alleges that he was to pay $450 and the taxes levied on said premises as annual rent while in possession, and gave a credit in the complaint to defendant for such rent during such possession of the sum of $346.30, and in the reply to defendant's counterclaim it is recited: "Denies that there is a greater sum due to defendant for rent and taxes than the sum of $346.30 as alleged in plaintiff's complaint."

The defendant answered by way of denials and also set up a counterclaim, and the issues raised were submitted to a referee. His report and findings were confirmed by the

circuit court. It in effect allowed items to the credit of plaintiff aggregating $877 and disallowed his claim to the extent of $250; allowed a credit to defendant of $482.55, leaving a balance due plaintiff of $394.45, with interest from March 26, 1917. The referee allowed as credit to the defendant for the rent of the premises but $308.66, being $37.64 less than the amount admitted by plaintiff for such item in the complaint and reply.

From the judgment so entered the defendant has appealed.

The cause was submitted for the appellant on the brief of *Geo. C. Hume* of Chilton, and for the respondent on that of *J. E. McMullen* of Chilton.

ESCHWEILER, J.   Certain of the items in the accounts of the parties were either conceded upon the trial or are not questioned on this appeal and need no attention. The plaintiff asserted that there was an agreement between the two that for whatever permanent improvements he made upon the premises while in possession thereof the defendant would pay. The defendant denied any such agreement, but the referee found that there was such made, and there is testimony which will support such a finding and it must therefore stand.

The defendant questions the allowance by the referee of $4.50 for certain cordwood which had been cut and piled by plaintiff, left on the farm by him, and turned over to the purchaser; an item of clover-seed chaff amounting to $50, and a further one for silage amounting to $15, also belonging to plaintiff and at defendant's request left on the farm and turned over to the purchaser. Although there was no express promise made by defendant to pay plaintiff for these articles as there had been for other articles of personal property also turned over to the purchaser and not questioned here, we are nevertheless satisfied from the testimony that it was sufficient to warrant the allowance of these

Tollefson v. Tollefson, 171 Wis. 149.

three items to the plaintiff, inasmuch as they were given at defendant's express request to the purchaser and defendant received the benefit therefrom in his sale.

As to the questioned items for work done by plaintiff on the approach to the barn as well as for cementing its floor, these allowances are also supported by the evidence and cannot be set aside.

While in possession the plaintiff spent five days for which he charged and was allowed $2 per day for removing the mustard from the farm. There was no agreement or mention of this matter between the two parties. Under sec. 1480, Stats., the duty is placed upon the person occupying or controlling, equally with the person owning, lands upon which are growing thistle and mustard, to destroy or cut the same. The statutory obligation, therefore, was as absolute upon the plaintiff to do that work, he then occupying and controlling the land, as upon the owner. There being no agreement between the parties that the defendant should pay the plaintiff for this item of $10, it must be disallowed.

When the plaintiff went into possession he found that the chickens which had been kept there were permitted to roam and roost at will in the barn. He preferred to have them outside of that structure, and at an expense of $16.50 for material and labor erected a small structure as a chicken house on the outside of the barn. He was also not satisfied with the condition of certain bins in the barn which had been used for the storing of grain, and at an expense of $16 for material and labor he changed those and was allowed by the referee for these two items. From the testimony we are of the opinion that neither of these items was such as should properly be classed within the term "permanent improvements" for which the plaintiff should be held liable. They were more matters of repairs or changes for the convenience or to satisfy the taste of the occupant and should therefore be disallowed. 14 Ruling Case Law, 16; *Israel v. Israel,* 30 Md. 120.

The referee also allowed an item of $31 for the purchase price of and labor in sowing clover seed upon the farm. We do not think the plaintiff has satisfied the burden of proof that would be upon him as to this item of showing that it was in the nature of such a permanent improvement as would be recognized as properly allowable to him under the general agreement between the parties. If it were primarily for fertilizing purposes, the general rule seems to be that such is not in the nature of the permanent improvement for which allowance in such cases should be made. 14 Ruling Case Law, 16; 22 Cyc. 5.

The judgment for the plaintiff must therefore be decreased by the total of the three items, amounting to $73.50, that we have thus disallowed.

Apparently the formal admissions made in plaintiff's pleadings as to his obligation to pay rent on the basis of $450 a year rather than $400, and admitting a liability of $346.30 as set forth in the statement of facts, were overlooked on the trial below, and the finding of a credit to defendant of $308.66 for such rent was based upon the testimony of plaintiff that the agreement was to pay rent on the basis of $400 per year rather than $450. The admissions thus made in the pleadings, in the absence of some showing that would justify disregarding them, and none such appear herein, should bind the plaintiff and dispose of the matter. The defendant therefore should be entitled to the difference of $37.64 between the amount allowed by the referee and the $346.30 admitted by the plaintiff.

The plaintiff's judgment therefore should be reduced by the total of these two items of $73.50 and $37.64, or $111.14, which, deducted from the $394.46, the balance found due the plaintiff, would leave the correct amount thereof $283.32, and to that extent the judgment must be modified.

Defendant insists that he made a lawful tender to the plaintiff before the action was commenced of an amount

more than that now found due from him and that it was rejected by plaintiff. The tender, however, was not in such form as to make it a compliance with the statute concerning the same or the rules of court, and it therefore does not become material in the disposition of this case. *Frank v. Frost,* 170 Wis. 353, 174 N. W. 911.

*By the Court.*—Judgment modified by reducing the amount of damages from $399.46 to $283.32, and as so modified it is affirmed. Appellant to have costs on the appeal.