SAVICH, Respondent, vs. HINES, Director General of Railroads, Appellant.

*April 7—May 3, 1921.*

*Pleading: Matter pleaded and admitted: Effect on case: Amendment of pleading: Admitted matter as evidence: Explanation or qualification: Railroads: Interstate commerce: Sufficiency of evidence.*

1. Where a material fact is alleged in the complaint and admitted in the answer it becomes a verity in the case, evidence in respect thereto being immaterial; and a party is concluded by such an allegation as long as the pleadings remain unamended. Even after amendment of the pleading, the admission, although not conclusive, is evidence of the fact admitted, but may be explained or qualified, and more especially where the admission is denied in the pleading of the opposite party.

2. In an action by an employee of a railroad who was injured while carrying a drawbar in the yards, it is *held* that the finding of the trial court that the plaintiff was engaged in interstate commerce is against the clear preponderance and great weight of the evidence, taken in connection with an allegation in the complaint that plaintiff was carrying the drawbar from one pile to another in the yards, as against his testimony at the trial that he was carrying it to a car destined for an interstate journey.

[3. Whether the gathering of scrap by a railroad company to transport by its own agencies, for its own purposes, to another point on its system, constitutes interstate commerce, not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The complaint alleged, in substance, that while the plaintiff was in the employ of the defendant company in interstate commerce on October 18, 1918, and assisting in carrying its drawbars from one pile to another in defendant's yards in the city of Milwaukee, the plaintiff received an injury to his foot when one of the drawbars he was carrying was permitted to fall, violently striking his foot. Three grounds of negligence were alleged: First, negligence of the defendant's employees in causing and permitting the drawbar to fall without notice or warning to the plaintiff; second, incompetency of plaintiff's fellow-servants; and third, failure to furnish plaintiff a safe place to work. Upon the trial the complaint was amended and a further ground of negligence alleged that the defendant was negligent in not furnishing a sufficient number of men. The answer admitted an injury to the plaintiff while engaged in carrying a drawbar from one place to another, admitted that the *Director General of Railroads* was in charge of and operating the transportation system of the Chicago & Northwestern Railway, and as to the other allegations of the complaint there was a general denial. The answer set up affirmatively that defendant had specifically in writing voluntarily accepted the provisions of the workmen's compensation law of Wisconsin and that the rights and liabilities of the parties were controlled and governed thereby. The case was tried before the court, findings were made sustaining the contentions of the plaintiff, and judgment was entered accordingly, from which the defendant appeals.

*R. N. Van Doren* of Milwaukee, for the appellant.

For the respondent there was a brief by *Ray J. Cannon* and *Frank Waldron,* attorneys, and *A. W. Richter,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Richter* and *Mr. Cannon.*

Savich v. Hines, 174 Wis. 181.

ROSENBERRY, J.   In the view that we take of the case
it is necessary for us to consider but one question raised
here, and that is whether or not the plaintiff was engaged in
interstate commerce as found by the trial court.   The
court found that the plaintiff was performing work neces-
sary to the orderly and expeditious carrying on of the
interstate commerce of the defendant; that the plaintiff was
ordered to carry the drawbar to a railroad car which was
being loaded with company material, and that the drawbar
which caused the injury was immediately placed upon a
car which was being loaded with company material and
was sent to Chicago, and that the car had already been
designated and ticketed to be sent to Chicago, and that as
soon as it was fully loaded it was sent.   The undisputed
evidence shows that the drawbar in question had been
removed from a car, which the court refused to find was an
interstate car, on a day previous.   During the course of the
trial the plaintiff testified that he was engaged in carrying
the drawbar in question to a car to be loaded, designed for
Chicago.   In his complaint the plaintiff alleged that at the
time of the injury he was assisting in carrying off iron
drawbars from one pile to another in said yards, and this
allegation was by the answer admitted.   The allegation in
the complaint was never withdrawn, and the pleadings
therefore presented no issue as to that material fact.   Where
a material fact is alleged in the complaint and admitted in
the answer, it becomes a verity in the case and evidence in
respect thereto immaterial to the issues, there being no issue
upon that matter.   *Cutler v. Babcock,* 79 Wis. 484, 48 N. W.
494; *Denton v. White,* 26 Wis. 679; *Seymour v. Seymour,*
56 Wis. 314, 14 N. W. 371; *Wilson v. Groelle,* 83 Wis. 530,
53 N. W. 900; *Wanzer v. Howland,* 10 Wis. 8; *Hawkes v.
Dodge Co. Mut. Ins. Co.* 11 Wis. 188; *Tollefson v.
Tollefson,* 171 Wis. 149, 176 N. W. 879; 31 Cyc. 87, and
cases cited in note 64.   A party is by such an allegation
concluded so long as the pleadings remain unamended.

The admission, however, even after amendment, though not conclusive, is evidence of the fact admitted. *Schultz v. Culbertson,* 125 Wis. 169, 103 N. W. 234. Such admissions may be explained and the circumstances under which they were made may qualify an allegation contained in a pleading, more especially, however, where it is denied in the pleading of the opposite party. *Hopkins v. C., M. & St. P. R. Co.* 128 Wis. 403, 107 N. W. 330; *Schultz v. Culbertson,* 125 Wis. 169, 103 N. W. 234.

A jury having been waived and the case tried before the court, and the court having made its findings upon the controverted matter, we may suppose that had an amendment of the complaint been asked it would have been granted. If we treat the complaint as amended, the question then arises whether or not the finding of the court is against the clear preponderance or great weight of the evidence. *Tilton v. J. L. Gates L. Co.* 140 Wis. 197, 121 N. W. 331; *Hintz v. Wald,* 138 Wis. 41, 119 N. W. 821. The testimony of the plaintiff given upon the trial, both as to the manner in which the injuries complained of were received and the nature of the work being performed at the time of the accident, is inconsistent with itself and indefinite and unsatisfactory when taken as a whole. When taken in connection with the solemn admission contained in his pleading and with all the other evidence in the case, including that relating to the surrounding facts and circumstances, the usual, customary, and ordinary methods of transacting the work in which the plaintiff was engaged, we are of the opinion that the finding of the trial court that the plaintiff was engaged in interstate commerce is against the clear preponderance and great weight of the evidence. *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714.

If it were established that the drawbar was being carried to the car instead of to another pile, there would remain the very serious question as to whether or not, under the

circumstances detailed in the evidence, the gathering up of scrap by a railway company to transport it by its own agencies, for its own purposes, to another point upon its system, would constitute interstate commerce. *Loverin & Browne Co. v. Travis,* 135 Wis. 322, 115 N. W. 829; *Ruck v. C., M. & St. P. R. Co.* 153 Wis. 158, 140 N. W. 1074. The conclusion which we have reached makes it unnecessary to determine that question in this case. The plaintiff not being engaged in interstate commerce, his rights are those prescribed by the workmen's compensation act.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.