DIEDERICH, Appellant, vs. WISCONSIN WOOD PRODUCTS, INC., Respondent.

*May 16—June 15, 1945.*

214

For the appellant there was a brief by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell.*

*Herman Leicht* of Medford, for the respondent.

FAIRCHILD, J.   It is admitted that if the alleged contract of December 30, 1942, is valid the defendant under its contract

with plaintiff is liable for commissions on all the wood fiber shipped to the Nelson company during the year 1943.

The sole question, therefore, is whether the sales arranged for on December 30, 1942, are binding upon the parties. The defendant frames the question in his brief as follows:

"There is but one question involved in this action, and that is: Can the president of a common corporation bind the same by his unauthorized act to a contract with a third party when there is nothing by word, act or silence to estop the corporation from asserting the truth?"

If the facts warranted stating the question in that way, the answer, of course, would be favorable to the defendant. But they are not; for it appears from the record of the defendant that Gustafson was the president and general manager; that his sister was secretary and treasurer, and that after the letter of the Nelson company had been considered on December 16th, the defendant wrote the Nelson company as follows:

B. F. NELSON MFG. Co.
    Minneapolis, Minn.

Dear Mr. McNally: We have your kind letter of Dec. 9 and wish to say it is gratifying to our company and myself to know that the services of Mr. Diederich are so highly appreciated by your company. We too hold high respect for Mr. Diederich's ability and also are fully aware of the important part he had in the pioneering of our industry. However, there are several angles to be considered and you can be sure that before arriving at any decision, we have taken everything into consideration.

Arrangements will be made to give your account the same personal service as in the past and assure you that every effort will be made to maintain the pleasant relations we have enjoyed at all times.

In regard to a written contract, I will arrange to be in Minneapolis at your convenience and we can then go into this matter.

Again thanking you for your letter and assuring you of our appreciation of your interest, we remain,

Very truly yours,

WISCONSIN WOOD PRODUCTS, INC.

HARRY GUSTAFSON,

President.

This evidence with more to the same effect shows that Gustafson was not only held out by the company as one authorized to deal on its behalf but that he had actually authority. Findings of fact to the contrary are against the great weight and clear preponderance of the evidence. It is true that a resolution was adopted at a meeting of the board of directors, when the subject of the Nelson contract and the contract with plaintiff was under consideration, and that the president and general manager was secretly denied the authority to enter into a written agreement with the Nelson company. It also appears from the record of the company that Gustafson, as president, presided at the meeting; that he seconded the motion restricting his authority and evidently he put the motion and declared it carried. Whatever the purpose of this unusually carefully guarded restriction may have been, it is established that neither the plaintiff nor the Nelson company had any knowledge of the proceeding. It also appears that the Nelson company and all concerned dealt with the matter relying upon the known relation of Gustafson to the company as disclosed in the letter quoted above. He was the president, a director and general manager. And a majority of the directors had knowledge of and assisted in the preparation of the letter quoted above. The conclusions of law of the trial court are not sustained by the facts set forth in the recital in the findings of fact. The statement that Mr. Gustafson had no authority to accept the contract must be based on the secret resolution and this, having been kept from all interested parties, cannot affect the usual and apparent authority which

attached to his position and the representations made by the company in its letter informing the Nelson company that the president would be present at the meeting "in regard to a written contract."

The general rule is that "the president, treasurer, secretary and other officers of a corporation are merely its agents, appointed by the stockholders or the board of directors or trustees, and vested with such powers, and such powers only, as may be conferred upon them by the corporation, subject, of course, to any express charter or statutory provisions." 2 Fletcher, Cyc. Corp. p. 228, sec. 434. And any contracts or acts entered into by the officers in excess of such authority will not bind the corporation in the absence of estoppel or ratification. *Walworth County Bank v. Farmers' Loan & Trust Co.* (1851) 14 Wis. *325.

But under certain situations a corporation may be estopped to deny the authority of its agents to enter into contracts in its behalf. If the corporation has clothed an officer or director with an apparent authority to act for it in a particular business transaction and third parties have relied upon such apparent authority, the corporation will be bound by the acts of the agent. 2 Fletcher, Cyc. Corp. p. 257, sec. 449; *Senour Mfg. Co. v. Clarke* (1897), 96 Wis. 469, 71 N. W. 883; *Northwestern Fuel Co. v. Lee* (1899), 102 Wis. 426, 78 N. W. 584.

Furthermore, a president who is also general manager of a corporation has the implied power to do anything that the corporation could do within the general scope of its business. 2 Fletcher, Cyc. Corp. p. 610, sec. 667; *Eastern Rolling Mills Co. v. Michlovitz* (1929), 157 Md. 51, 145 Atl. 378; *W. T. Rawleigh Medical Co. v. Woodward* (Mo. App. 1921), 230 S. W. 647; *Kline v. Little Rapids Pulp Co.* (1932) 206 Wis. 464, 240 N. W. 128; *St. Clair v. Rutledge* (1902), 115 Wis. 583, 92 N. W. 234; *Lowe v. Ring* (1902), 115 Wis. 575, 92 N. W. 238. It cannot be questioned that a contract for the

sale of the goods produced by a corporation is one which is in the general scope and ordinary course of its business. That Mr. Gustafson not only had the title of general manager but was actually held out by the company as exercising such powers as are incident to the position is shown by the testimony in the record. All correspondence emanating from the home office bore his name or was signed by him. And the letter of December 16, 1942, already referred to, was an act of the corporation effectually holding out Mr. Gustafson as an agent of the defendant possessing the power to negotiate a contract with Mr. McNally. The Nelson company was entitled to rely on this appearance of authority. A corporation cannot, by the passage of a secret resolution, unrevealed to its customer, limit a general manager's authority. 2 Fletcher, Cyc. Corp. p. 614, sec. 66. Mr. Gustafson and Mrs. Marschke conducted the greater part of the business activities of the corporation. It was from them that plaintiff received directions as to the conduct of his work. There was nothing given any publicity which would indicate that Mr. Gustafson's powers were at all restricted or limited in transacting the defendant's business with the plaintiff or the Nelson company.

It is also significant that the quantity of goods shipped to the Nelson company in 1943 approximated the amounts named in the contract of December 30, 1942. Although it is possible that under the procedure of receiving and filling individual orders as they came in without regard to the contract, such a result was only coincidental; still, from all the evidence, it appears that the defendant was willing to abide by the contract in so far as the relations with the Nelson company were concerned, but sought only to repudiate it in order to escape the payment of plaintiff's commission.

Under the circumstances it is considered that the contract was validly executed on December 30, 1942, and plaintiff is entitled to commissions on all orders shipped in 1943 pursuant to said agreement.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment for plaintiff in accordance with this opinion.